**Nelson v. Nationwide Mutual Insurance Co.**

C.P. of Philadelphia County, no. 9707-0453.

*Nicholas E. Chimicles,* for plaintiffs.
*Mark C. Schultz,* for defendant.

LEVIN, *J.,* April 16, 1998—This memorandum opinion concerns the parties' cross-motions for judgment on the pleadings. The factual predicate for this case is as follows.

Plaintiff is a physician who provided physical therapy services[1] to people injured in automobile accidents, but whom defendant has refused to compensate for those services. Defendant Nationwide Mutual Insurance Company writes automobile insurance policies that cover rehabilitation costs, but has refused to compensate plaintiff for the services at issue, because they were not provided by licensed physical therapists.

On July 9, 1997, plaintiff Nelson filed a class action complaint in which he asserted that defendant's denial of compensation violated the Pennsylvania Motor Ve-

---

1. Services at issue include: application of hot and cold packs, aquatic therapy, electrical stimulation, iontophoresis, gait training, joint mobilization, massage, traction, neuromuscular re-education and infrared, microwave, ultrasound, ultraviolet and whirlpool treatments.

hicle Financial Responsibility Law, 75 Pa. C.S. §1701 et seq. Plaintiff claims this Act requires defendant "to pay physicians/medical providers for all such medical treatment at a rate not to exceed 110 percent of the applicable charge allowable under the federal Medicare regulations." Complaint at p. 1. Plaintiff believes that defendant's refusal to pay for these services is contrary to both accepted medical practice (as a part of which doctors routinely delegate physical therapy tasks to trained assistants under adequate supervision) and applicable regulatory statutes. Thus, plaintiff argues, this court should order defendant to reimburse the class members for treatment they provided and prohibit defendant from refusing to pay future bills for services performed by trained and supervised, but unlicensed, assistants.

On September 4, 1997, Nationwide filed an answer with new matter and a counterclaim. Defendant denies responsibility to compensate plaintiff for services rendered by unlicensed medical or physical therapy assistants. Defendant's counterclaim cites the Physical Therapy Practice Act for the proposition that billing for personal therapy services is prohibited "unless such services are provided by a licensed physical therapist in accordance with this Act." 63 Pa. C.S. §1304(b.1). Arguing that plaintiffs should not be able to benefit from their own "misrepresentations," defendant asks us to order that all past payments for treatment by unlicensed assistants be returned. Answer at p. 14.

On October 8, 1997, this court approved a stipulated order presented by the parties, granting provisional certification to the following class of plaintiffs: "all Pennsylvania osteopathic doctors and/or medical doctors who have billed Nationwide Mutual Insurance Company for physical therapy/medical services provided to its in-

sureds arising out of injuries suffered in motor vehicle accidents and whose claims for reimbursement were denied by Nationwide because the physical therapy services was (sic) not performed by a licensed physical therapist or physical therapist assistant licensed pursuant to the Pennsylvania Physical Therapy Practice Act . . . ." J. Levin's order, October 8, 1997, p. 1.

We also scheduled briefing and argument on a "threshold issue" to be addressed in motions for judgment on the pleadings.[2] This determinative issue is:

"Does the Pennsylvania Motor Vehicle Financial Responsibility Law obligate defendant to pay for physical therapy services prescribed by a medical or osteopathic doctor for an insured injured in a motor vehicle accident, where a medical doctor or osteopathic doctor has delegated the performance of the physical therapy modalities to that trained but unlicensed individual pursuant to the Pennsylvania Physical Therapy Practice Act . . . under the general supervision of that medical doctor or osteopathic doctor?" *Id.* at p. 2.

The stage having been set, the parties argued their cross-motions on February 3, 1998.

Defendant's motion asserts the complaint fails to state a claim upon which plaintiffs may recover as a matter of law. Specifically, defendant argues that it is only responsible for payment of specified medical benefits "including, but not limited to . . . *licensed physical therapy* . . . ." MVFRL §1712(1). (emphasis added) Defendant claims that the MVFRL only requires it to pay for treatment provided by licensed therapists in

2. Pennsylvania Rule of Civil Procedure 1034(a) provides: "After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings."

order to deter "the potential harm that could occur if such services were performed by unlicensed persons." Defendant's brief at p. 8. Further, defendant points to the PTPA for the proposition that it is unlawful for any unlicensed person to practice physical therapy:

"It shall be a violation of this Act for any person . . . to utilize in connection with a business name or activity the words 'physical therapy' . . . unless such services are provided by a licensed physical therapist . . . ." PTPA §1304(b.1).

Moreover, regulations promulgated in furtherance of the Act provide "that the duties of a physical therapist are 'nondelegable,' unless they clearly do not require training and skill." Defendant's brief at p. 12, citing 49 Pa. Code §40.53. Finally, defendant denies liability for the payments at issue, because the Medical Practice Act, 63 P.S. §422.1 et seq. and the Osteopathic Medical Practice Act, 63 P.S. §271.1 et seq. do not specifically authorize doctors to delegate physical therapy services to unlicensed assistants.

Plaintiff also relies on the MVFRL, but reads it with a different emphasis. He argues the phrase *"including, but not limited to . . . licensed physical therapy . . ."* was intended to make insurers responsible for a wide array of medical benefits, not just those specified in this subsection. MVFRL §1712(1) (emphasis added); plaintiff's brief at pp. 5-6. Plaintiff suggests such a determination is in keeping with the important public policy of indemnifying accident victims for harm they suffer on our highways. Further, plaintiff argues that while the PTPA limits the authority of licensed physical therapists to delegate treatment duties, it does not so restrict other medical professionals:

"Nothing in this Act . . . shall prohibit any person trained and licensed or certified to practice or to act

within the scope of his certification in this state under any other law, from engaging in the licensed or certified practice for which he is trained . . . *nothing in this section shall limit a physician's authority to practice medicine* or bill for such practice." 63 Pa.C.S. §§1304(a), 1304(b.1). (emphasis added)

Finally, plaintiff claims that generally accepted professional standards as well as statutes governing the conduct of medical professionals ostensibly permit the delegation of physical therapy services to unlicensed, supervised assistants.

"Nationwide has not, and cannot, argue that such delegation is not consistent with the prevailing and acceptable standards in the *medical* community of this Commonwealth. More importantly, physicians have been delegating the performance of physical therapy modalities to unlicensed technicians for many years both before and after enactment of the Physical Therapy Act, and neither the osteopathic board nor the medical board has ever issued any regulations prohibiting or even remotely suggesting that such delegation was improper." Plaintiff's opposition at pp. 12-13 (emphasis in original); see MPA at §422.17 and OMPA at §271.3.

Thus, plaintiff concludes, the delegation of treatment responsibilities to unlicensed assistants does not excuse defendant's obligation to cover the cost of these treatments.

In this matter, we also received amicus curiae briefs from the Pennsylvania Medical Society and the Pennsylvania Osteopathic Medical Association in support of plaintiff's position; and a brief from the Pennsylvania Physical Therapy Association in support of defendant's position.

The Pennsylvania Medical Society provides some context to the debate by explaining that "physical thera-

pists can provide services only on the referral and order of a physician." Brief at pp. 14-15. After a doctor decides that physical therapy is needed and draws up a specific treatment plan, he will typically refer the patient to a physical therapist for treatment. *Id.* at pp. 15-16. Thereafter, "a *physical therapist* to whom a patient is referred can, in turn, delegate the actual provision of physical therapies to a licensed 'physical therapy assistant' . . . to unlicensed 'supportive personnel' . . . even a physical therapy student can assist a licensed physical therapist." *Id.* at pp. 16-17. (citations omitted) (emphasis added)

Amicus points out that to prohibit *physicians* from delegating physical therapy services to the same classes of assistants would be both without benefit and contrary to accepted practice. We accept this as a particularly salient point. Further, counsel argued, a ruling in defendant's favor would place doctors under duress to hire only licensed physical therapists, raising the cost of care for both patients and insurers, including defendant. *Id.* at 17.

The Pennsylvania Osteopathic Medical Association also supports plaintiff's position. This amicus argues that defendant's refusal to compensate plaintiffs for services provided by unlicensed technicians and assistants is untenable, because all osteopathic physicians are authorized by statute to delegate the performance of services to *"qualified physician assistants, technicians or other allied medical persons,* if such services and acts are rendered under the supervision, direction or control of a licensed physician." Brief at pp. 2-3 (emphasis added), citing 63 P.S. §271.3; see p. 6, *supra.* Both before and since passage of the OMPA, osteopaths have "delegated physical therapy/physical medicine . . . responsibilities to trained, unlicensed technicians and assistants under their supervision . . . ." *Id.* at

p. 13. Amicus concludes that since this practice is accepted in the professional community, recognized by our General Assembly and essential to the proper, professional and efficient care of osteopathic patients, it cannot be properly challenged.

The Pennsylvania Physical Therapy Association submitted a brief in which it argued that plaintiff's delegation of treatment to unlicensed assistants violated the PTPA.

"The Act prohibits the practice of physical therapy by anyone not licensed under the Act, and excepts *only* other *licensed or certified* practitioners to the extent they are practicing within the extent of their own licensed or certified practices." Brief at p. 7. (emphasis in original)

As the assistants who provided physical therapy treatment for plaintiff's patients were not licensed, this amicus asserts they were improperly practicing physical therapy and, thus, plaintiffs have no right to compensation. It argues this outcome is "consistent with the overall purpose of this Commonwealth's regulatory scheme relating to the provision of medical services" and would protect the public's general interest "in being sure that those claiming to be qualified to provide medical services are in fact so qualified." *Id.* at p. 10.

In response to all of the above, plaintiff's motion asserts that, as a matter of law, the MVFRL obligates defendant to pay for physical therapy services prescribed by a medical or osteopathic doctor after a motor vehicle accident, where the treatment is performed by a trained but unlicensed assistant under the doctor's general supervision. Plaintiff's motion at ¶3. Defendant's answer denies this conclusion, incorporating its previous briefs and reference to the relevant statutes and regulations. Defendant's answer at ¶¶3, 5.

After carefully considering all of the pleadings, motions and briefs submitted by both parties, the legal argument presented to this court, all submissions by amicus curiae, and the relevant statutes and case law, we were ultimately persuaded that plaintiff should prevail. As a result, we entered the following order on February 25, 1998:

"It is hereby ordered and decreed that Nationwide's motion for judgment on the pleadings is denied, and that, as a matter of law, the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. obligates Nationwide to pay for physical therapy services prescribed by a medical or osteopathic doctor for an insured injured in a motor vehicle accident, where a medical doctor or osteopathic doctor has delegated the performance of the physical therapy modalities to a technician who is trained and under the general supervision of that medical or osteopathic doctor even though the technician is not licensed pursuant to the Pennsylvania Physical Therapy Practice Act, 63 Pa.C.S. §1301 et seq.

"It is further ordered and decreed that, based on this court's ruling at the February 3, 1998 hearing, plaintiffs' motion for judgment on the pleadings is granted and a final judgment dismissing Nationwide's counterclaim for damages and declaratory relief is hereby entered." J. Levin's order, February 25, 1998.

Defendant has since sought review of our decision by the Superior Court. On appeal, defendant asserts we erred in two material respects: by finding that the MVFRL requires defendant to pay for physical therapy services performed by unlicensed assistants; and by finding that the applicable statutes allow unlicensed assistants to perform physical therapy services under general supervision of a physician. Statement of matters

complained of at ¶¶2-3. Adopting the positions of plaintiff and amicus for plaintiff as set forth above, and for the additional reasons that follow, we believe our findings are not erroneous.

First, it is clear to us that the MVFRL requires insurers to pay for the medical treatments and physical therapy arising out of injuries suffered in motor vehicle accidents. Second, we recognize that it is a matter of long-standing tradition and in accordance with generally accepted professional standards for medical and osteopathic doctors to delegate provision of these services to trained but unlicensed assistants acting under general supervision.[3] Third, we believe not only that the MPA and the OMPA ostensibly allow the very delegation at issue here, but also that the PTPA was not intended to prohibit doctors from practicing medicine in accordance with their training and accepted professional standards. Finally, this court is convinced that the PTPA was primarily intended to enhance the emoluments of licensed therapists, not to protect the public from receiving substandard physical therapy treatment—and certainly not to dictate the manner in which medical or orthopedic doctors administer such treatment.

As a result, we were correct to find that the MVFRL obligates defendant to pay for physical therapy treatments provided by a trained but unlicensed technician operating under the general supervision of a physician. Therefore, plaintiffs' motion for judgment on the pleadings was correctly granted and our order dismissing Nationwide's counterclaim was properly entered.

---

3. In this regard, we note that we are not aware of any complaints registered with either the medical board or the osteopathic board against doctors for delegating the provision of physical therapy treatment to trained but unlicensed assistants. See OMPA amicus brief at p. 11.